UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL LAGRANE,

    Petitioner,

v.                                      Case No. 4:23-cv-326-MW/MJF

WALTER MCNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Michael Lagrane is a Florida pretrial detainee confined at the Leon County Detention Center. The State of Florida has charged Petitioner with first degree murder and armed robbery with a deadly weapon. Indictment, *Florida v. Lagrane*, No. 21-CF-00012 at Doc. 29 (Fla. Cir. Ct. Mar. 31, 2021).[1] Because the abstention doctrine articulated in *Younger v. Harris*[2] precludes the District Court from interfering in

---

[1] The undersigned refers to documents filed in the state court proceedings as "*Lagrane*, Doc. __" and documents filed in this federal proceeding as "ECF No. __."
[2] 401 U.S. 37 (1971).

Florida's ongoing criminal prosecution of Petitioner, the District Court should dismiss the instant petition without prejudice.

## I. BACKGROUND

### A. Petitioner's State Criminal Case

On March 31, 2021, the State of Florida filed an indictment charging Petitioner with first degree murder and armed robbery with a deadly weapon.[3] ECF No. 3 at 4; *Lagrane*, Doc. 29. This state proceeding is currently pending. On August 7, 2023, Petitioner moved for the Florida court to appoint new counsel based on alleged ineffective assistance of counsel. *Lagrane*, Doc. 119. The state trial court docketed Petitioner's motion and scheduled a hearing on September 7, 2023, to address Petitioner's motion. *Lagrane*, Docs. 120, 121.

### B. Petitioner's Allegation in His Petition

On July 27, 2023, Petitioner filed a handwritten motion to proceed *in forma pauperis*. ECF No. 1. He indicated that he intended to file a petition for writ of habeas corpus. Because he had failed to properly

---

[3] Under Federal Rule of Evidence 201(b), a court may take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

commence a case, the undersigned directed Petitioner to submit a petition or notice of voluntary dismissal. ECF No. 2.

On August 7, 2023, Petitioner submitted a memorandum of law in support of his petition for writ of habeas corpus. ECF No. 3. On August 28, 2023, Petitioner submitted his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 4. Petitioner asserts the same claim that he is litigating in the Florida court: that his counsel has been ineffective. *Id.* at 3. Although Petitioner failed to specify the relief he seeks in this action, it appears that he is seeking to enjoin his state criminal prosecution which has not yet resulted in a conviction or sentence.

## II. DISCUSSION

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (quoting *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977)).

In *Younger*, the Supreme Court held that federal courts should not enjoin a pending state criminal proceeding unless an injunction is

necessary to prevent great and immediate irreparable injury. 401 U.S. at 53–54. As the Supreme Court stated: "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45. The Supreme Court's *Younger* decision was based on a strong federal policy against federal-court interference with pending state judicial proceedings. *Id.* at 44 ("[T]he National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."); *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009).

Under *Younger*, a district court should abstain from interfering with ongoing state proceedings when "(1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise constitutional issues." *Johnson v. Florida,* 32 F.4th 1092, 1099 (11th Cir. 2022); *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). There are three narrow exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no

adequate alternative state forum where the constitutional issues can be raised." *Johnson*, 32 F. 4th at 1099.

Generally, the *Younger* analysis is conducted in three steps. First, federal courts consider whether a qualifying state-court proceeding is pending. *Tokyo Gwinnett, LLC v. Gwinnett Cnty.*, 940 F.3d 1254, 1267–68 (11th Cir. 2019). If so, federal courts then consider whether it is appropriate to abstain under the factors set forth in *Middlesex*. *Id.* at 1268. If abstention appears to be appropriate, federal courts then must determine whether any exception to *Younger* applies. *Middlesex*, 457 U.S. at 435; *Kugler v. Helfant*, 421 U.S. 117, 123–25 (1975).

### 1. *There is an Ongoing, Qualifying State Proceeding*

Florida is currently prosecuting Petitioner for first degree murder and armed robbery with a deadly weapon. *See* ECF No. 4 at 2; *Lagrane*, No. 21-CF-00012 at Doc. 29. Accordingly, this first criterion for *Younger* abstention is satisfied.

### 2. *The Middlesex Factors Weigh in Favor of Abstention*

At the second step of the *Younger* analysis the District Court must consider whether: (1) the federal action would interfere with ongoing qualifying state judicial proceedings; (2) the state proceedings implicate

important state interests; and (3) the underlying state proceedings afford litigants an adequate opportunity to raise federal claims. *Tokyo Gwinnett, LLC*, 940 F.3d at 1267–68.

### (a) Interference with State Judicial Proceedings

"In order to decide whether the federal proceeding would interfere with the state proceeding," the court looks "to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted).

It appears that Petitioner seeks to assert a claim of ineffective assistance of counsel and have the District Court: (1) enjoin Florida from prosecuting Petitioner, and (2) order the state to release Petitioner. This relief necessarily conflicts with pending state court proceedings. *See Lewis v. Broward Cnty. Sheriff Off.*, No. 20-14603, 2021 WL 5217718, at *2 (11th Cir. Nov. 9, 2021) (affirming the district court's dismissal of ineffective assistance of counsel claim based on *Younger*); *Barnes v. Fla.*,

No. 22-11914-E, 2022 WL 17420304, at *1 (11th Cir. Sept. 28, 2022) (same).

### (b)   Important State Interests

The State of Florida's criminal prosecution of Petitioner implicates important state interests. *Younger*, 401 U.S. at 41–44. The adjudication of criminal cases—which is a facet of crime prevention—is an important state interest, particularly when there are victims involved. *Calderon* v. *Thompson*, 523 U.S. 538, 556 (1998); *United States v. Salerno*, 481 U.S. 739, 750 (1987). "[P]reventing and dealing with crime is much more the business of the States than it is of the Federal Government . . . ." *Patterson v. New York*, 432 U.S. 197, 201 (1977). The "State has a strong sovereign interest in ensuring public safety and criminal justice within its territory, and in protecting all crime victims. . . . The State also has a strong interest in ensuring that criminal offenders . . . are appropriately punished and do not harm others in the State." *Oklahoma v. Castro-Huerta*, 597 U.S. ___, 142 S. Ct. 2486, 2501–02 (2022). Thus, the second *Middlesex* factor also weighs in favor of abstention.

### (c) <u>Adequate Opportunity to Raise Federal Claims</u>

The underlying state criminal case affords Petitioner adequate opportunities to raise the claims he seeks to assert in his petition. Indeed, Petitioner currently has a pending motion in the state court requesting that the state trial court allow Petitioner's current counsel to withdraw and seeking appointment of substitute counsel. *Lagrane*, Doc. 119. Also, nothing in Petitioner's filings suggest that Petitioner is procedurally barred from raising his claims at a later stage of the criminal prosecution. *Johnson*, 32 F.4th at 1101 (noting that "what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts.") (citing *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996)). Thus, the third *Middlesex* factor also weighs in favor of abstention.

### 3. *There Are No Applicable Exceptions to Younger*

Petitioner has not alleged bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. "[T]he cost, anxiety, and inconvenience of having to defend against a single prosecution alone do not constitute 'irreparable injury'" warranting federal interference in the state criminal proceeding. *Kugler*,

421 U.S. at 124. Petitioner has not alleged any sound basis for the District Court to interfere with Florida's prosecution of Petitioner.

### III. CONCLUSION

Because the abstention doctrine articulate in *Younger v. Harris* precludes the District Court from interfering in Florida's prosecution of Petitioner, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** without prejudice Petitioner Michael Lagrane's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>4th</u> day of September, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails**

**to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**